IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

RANDAL E. FARIS,  )
    Petitioner,  )  Civil Action No. 7:05-cv-00563
      )
v.  )  **MEMORANDUM OPINION**
      )
GENE M. JOHNSON, DIRECTOR,  )  By: Hon. James C. Turk
    Respondent.  )  Senior United States District Judge

    Petitioner Randal E. Faris, proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254. In his petition, Faris challenges the validity of his 1997 conviction in the Circuit Court for Bedford County for murder and use of a firearm in the commission of murder. Upon review of the record, this court finds that the § 2254 petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions. See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

    Faris entered an Alford guilty plea, and the court found him guilty of second degree murder and use of a firearm in commission of murder and sentenced him to serve twenty years imprisonment for these convictions. Faris did not appeal. According to Supreme Court of Virginia records, Faris filed a state habeas petition in that court on March 9, 2005. That court denied the petition without a hearing on April 22, 2005. Faris filed a petition for rehearing which was denied on June 17, 2005.

    Faris executed his § 2254 petition on September 5 or 6, 2005. As grounds for relief, Faris alleges that: 1) counsel provided ineffective assistance in erroneously informing petitioner that if he entered an Alford plea, he would get a lesser charge or even probation and he could

1

appeal; 2) the evidence was insufficient to support a conviction and counsel failed to advise petition of this fact; 3) the court denied petitioner a preliminary hearing to determine sufficiency of the evidence; and 4) counsel failed to object to incredible witness testimony or to conduct adequate investigation regarding credibility of prosecution witnesses.

II.

The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§2244(d)(1)(A - D). A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. See Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002); Harris v. Hutcherson, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition must be dismissed by a federal district court. 28 U.S.C. § 2244(d)(1)(A)-(D).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330. Generally, a petitioner seeking equitable tolling must demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814 (2005); Rouse v. Lee, 339 F.3d

2

238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. Harris, 209 F.3d at 330.

### III.

Faris clearly filed his § 2254 petition late under § 2244(d)(1)(A). His conviction became final on or about March 17, 1997, when his 30-day period to file an appeal expired. See Virginia Code §8.01-675.3; United States v. Clay, 537 U.S. 522 (2003). He had one year from that date, until March 17, 1998, to file a timely § 2255 motion. Faris did not execute his current petition until early March 2005, nearly seven years after his limitation period expired under §2244(d)(1)(A).

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). Because Faris did not file his state habeas petition until 2005, well after his limitation period had expired, the state petition could not toll the running of the limitation period.

Subsections B, C, and D of Section §2244(d)(1) clearly do not apply to Faris's case. He does not allege any facts indicating that state officials impeded his ability to file a federal habeas petition concerning his claims. Nor do any of his claims rely upon a constitutional right newly recognized by the United States Supreme Court. Moreover, he clearly knew the facts necessary to support his claims at the time of sentencing.

Finally, the court cannot find that Faris has demonstrated any ground warranting invocation of equitable tolling in his case. His lack of legal expertise and alleged lack of access to legal materials in Lawrenceville Correctional Center are insufficient. Moreover, he fails to

3

demonstrate that he was prevented from requesting materials or from filing a civil action to obtain access to legal materials. Faris also alleges that during criminal proceedings, his wife made false statements against him because she was angry at him for drinking, doing drugs, and trading a gun for drugs, and that other witness statements were insufficiently credible to support his convictions. These substantive challenges to the validity of his convictions do not explain why Faris waited eight years after his convictions to seek review of the matter from a higher court. This court simply cannot find that Faris diligently pursued his rights or that he has demonstrated any ground upon which he is entitled to equitable tolling of the § 2244(d) limitation period.

For the reasons stated, the court must summarily dismiss Faris' petition as untimely filed. An appropriate order shall be entered this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 25th day of October, 2005.

/s/ James C. Turk
Senior United States District Judge